IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HOLLY LYNN RIFE, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:21-CV-00197-SDJ-CAN |
| COMMISSIONER, SSA, | § § | |
| Defendant. | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Holly Lynn Rife's ("Plaintiff") Petition and Brief for Award of Attorney Fees under the Equal Access to Justice Act ("Petition") [Dkt. 25]. Plaintiff's counsel seeks an EAJA award of $4,926.90 [Dkt. 28 at 5].[1] Having considered Plaintiff's Application [Dkt. 25], the Commissioner's Response [Dkt. 27], Plaintiff's Reply [Dkt. 28], and all other relevant filings, the Court recommends that Plaintiff's Application [Dkt. 25] be **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**PROCEDURAL HISTORY**

On January 19, 2021, the ALJ issued an unfavorable decision denying Plaintiff's application for benefits under Title II of the Social Security Act [Dkt. 1 at 2]. On March 15, 2021, Plaintiff filed her Complaint in this Court, seeking judicial review of the Commissioner's final administrative decision under 42 U.S.C. § 405(g) [Dkt. 1]. On October 27, 2021, the Commissioner filed an Unopposed Motion to Remand for Further Administrative Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(G) [Dkt. 19], which was granted by United States

---

[1] Plaintiff's counsel originally sought $4,765.20, which included 22 hours of attorney time [Dkt. 25 at 9]. However, Plaintiff's counsel now seeks a total sum of $4,926.90 for 22.75 attorney hours, which includes the hours spent on Plaintiff's Reply [Dkt. 28 at 5].

REPORT AND RECOMMENDATION – Page 1

District Judge Sean D. Jordan on November 29, 2021 [Dkts. 21]. A final judgment was entered on that same date [Dkt. 22]. On December 29, 2021, Plaintiff filed the instant Petition [Dkt. 25]. On January 12, 2022, the Commissioner filed its Response in [Partial] Opposition [Dkt. 27]. On January 24, 2022, Plaintiff filed a Reply [Dkt. 28].

## LEGAL STANDARD

The EAJA empowers courts to award attorney fees to parties who prevail in litigation against the United States. In order to award attorney fees in a social security action under the EAJA, a court must determine that: (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; (3) there are no special circumstances that make an award unjust; and (4) the requested fees and costs are reasonable. 28 U.S.C. § 2412(b), (d)(1)(A). As the fee applicant, the claimant has the burden of demonstrating the reasonableness of any hours expended. *Hamblen v. Colvin*, 14 F. Supp. 3d 801, 804 (N.D. Tex. 2014) (citing *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990)).

## ANALYSIS

The Parties do not dispute that Plaintiff is the prevailing party or that the Commissioner's position was not substantially justified. Indeed, the Commissioner does not contest that Plaintiff is entitled to an award of EAJA fees in this case. The sole item of dispute before the Court is the reasonableness of Plaintiff's fee request; specifically, the method used to calculate the requested hourly rate.[2]

---

[2] The method used to calculate the requested hourly rate is the only objection found in the Commissioner's Response. However, the Commissioner also states that Plaintiff's counsel was only entitled to 20 hours of work rather than the 22 put forth by Plaintiff's counsel [Dkt. 27 at 3]. The Commissioner offers no legal argument as to why counsel is entitled to only 20 hours and not the 22 hours requested and the reference to 20 hours is listed, solely, in the conclusion of the Response. As such, the Court does not substantively address the reasonableness of the hours worked.

In Plaintiff's Petition, Plaintiff details and itemizes the hourly rate and hours worked by Plaintiff's counsel in instant case [Dkt. 25]. Plaintiff's counsel seeks an EAJA award of $4,926.90 for 22.75 hours at a rate of $216.60 per hour based upon the November 2021 cost of living adjustment ("COLA") rate [Dkt. 28 at 5]. The Commissioner objects to Plaintiff's counsel's cost-of-living ("CIL") enhancements; more specifically, the method used to calculate the CIL enhancement [Dkt. 27 at 1]. The Commissioner argues Plaintiff's counsel is only entitled to a rate of $202.93 per hour based upon the annual consumer price index ("CPI") for 2021 because the fee must "be calculated using an annual CPI figure rather than the figure for any one particular month" [Dkt. 27 at 2]. Upon review of applicable authority and the Parties' briefing, the Court agrees.

Although Congress capped the statutory hourly rate for attorney fees at $125.00, this rate can be adjusted upward to reflect increases in cost of living. 28 U.S.C. § 2412(d)(2)(A)(ii). *See Washington v. Barnhart*, 93 F. App'x 630, 631 (5th Cir. 2004) (citing *Baker v. Brown*, 839 F.2d 1075, 1084 (5th Cir. 1988)). The award of attorney's fees in excess of the statutory maximum is discretionary. *Chargois v. Barnhart*, 454 F. Supp. 2d 631, 636 (E.D Tex. 2006). The EAJA, "nor its legislative history explicitly or implicitly say that cost of living adjustments must or should be based only on annual data." *Farris v. Comm'r Social Security Admin*., NO. 6:13-CV-243, 2014 WL 12884520, at *2 (E.D. Tex. Dec. 30, 2014). However, the Fifth Circuit explained in *Perales v. Casillas*:

> We find no language in the EAJA authorizing fees at current adjusted rates for all hours whenever expended. The narrowest reasonable construction of the cost-of-living provision in the EAJA leads us to conclude that this was an attempt to allow the statute to be self-updating in light of the modern realities of inflation. This purpose is accomplished through the award of historic rates; anything more treads impermissibly across the line and is tantamount to interest. Therefore, …we hold ***that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered***.

950 F.2d 1066, 1076 (5th Cir. 1992) (internal citations omitted) (emphasis added). Though at least one court in this District has previously awarded EAJA fees based on a monthly CPI adjustment, *see e.g., Chargois*, 454 F. Supp.2d at 636 (awarding EAJA fees based on a monthly CPI adjustment where the Commissioner did not file a response opposing this calculation), this Court "finds an annual approach follows Fifth Circuit precedent." *Roy v. Saul*, NO. 6:20-CV-00373-JDK, 2021 WL 7906838, at *2 (E.D. Tex. June 28, 2021); *Day v. Comm'r Social Security Admin.*, NO. 6:16-CV-00210-RC, 2017 WL 4922048, at *2 (E.D. Tex. Oct. 31, 2017) (quoting the same). As such, the Court adopts the Commissioner's fee calculation as follows: the HALF1 Average CPI figure for 2021 is $247.420, multiplied by the cap rate of $125, then divided by the 1996 March cost of living factor, $154.4, yields a product of $202.93—the correct hourly rate for 2021. Taking this amount and multiplying it by the 22.75 hours Plaintiff billed brings it to a total of $4,616.65. Thus, the appropriate sum of EAJA fees in this case is $4,616.65.

## CONCLUSION

Based on the foregoing, the undersigned recommends Plaintiff Holly Lynn Rife's Petition and Brief for Award of Attorney Fees under the Equal Access to Justice Act [Dkt. 25] be **GRANTED IN PART** and **DENIED IN PART**. The Commissioner should be ordered to pay four-thousand six hundred sixteen dollars and sixty-five cents ($4,616.65) as reasonable attorney's fees, made payable to Plaintiff, with such payment to be mailed to Plaintiff's counsel.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 3rd day of May, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE