UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HOLLY LYNN RIFE | § | |
| | § | |
| v. | § | CIVIL CASE NO. 4:21-CV-197-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

**MEMORANDUM ADOPTING IN PART AND MODIFYING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 5, 2022, the Report and Recommendation ("Report") of the Magistrate Judge, (Dkt. #30), was entered containing proposed findings of fact and recommendations that Plaintiff Holly Lynn Rife's Petition and Brief for Award of Attorney Fees under the Equal Access to Justice Act, (Dkt. #25), be granted in part and denied in part. The Report recommends adopting the Commissioner's rate calculation and ordering the Commissioner to pay $4,616.65 as reasonable attorney's fees. Rife timely filed Objections to the Report, (Dkt. #31). The Commissioner filed a Response to Plaintiff's Objections, (Dkt. #33).

Rife objects that the Magistrate Judge erred in finding that the Bureau of Labor Statistics' ("BLS") annual cost-of-living adjustment is appropriate rather than the cost-of-living factor for November 2021, the month in which the Court's Order and Judgment were entered in this case. (Dkt. #31 at 2–3). In arguing that the Magistrate Judge erred, Rife avers that the Magistrate Judge's reliance on the Fifth Circuit's decision in *Perales v. Casillas* is misplaced. Rife explains:

> *Perales v. Casillas*, 950 F. 2d 1066 (5th Cir. 1992) pertained to a situation in which the Judgment was issued in November 1988, but the District Court awarded attorney fees under EAJA in March 1990, based

1

> upon a March 1990 cost-of-living factor. The holding in *Perales* is inapplicable to the situation presented in the case at bar. Applying the cost-of-living factor for October 2021, in a case decided in November 2021 does not contradict the Fifth Circuit's holding[.]

(Dkt. #31 at 2–3). Rife's contention is directly addressed by the Report, (Dkt. #30 at 3–4), and the objections set forth no additional arguments or evidence which would alter the conclusion reached. Rife stresses the factual distinction between the case at hand and *Perales*; however, the Report finds *Perales* instructive for the proposition that the Equal Access to Justice Act ("EAJA") does not "authoriz[e] fees at current adjusted rates for all hours whenever expended," and the purpose of the EAJA "is accomplished through the *award of historic rates*; anything more treads impermissibly across the line and is tantamount to interest." (Dkt. #30 at 3) (emphasis added) (quoting *Perales*, 950 F.2d at 1076). Consistent with both *Perales* and prior cases in this District addressing similar issues, the Magistrate Judge found "an annual approach follows Fifth Circuit precedent." (Dkt. #30 at 4) (quoting *Roy v. Saul*, NO. 6:20-CV-373-JDK, 2021 WL 7906838, at *2 (E.D. Tex. June 28, 2021); *Day v. Comm'r Social Security Admin.*, NO. 6:16-CV-210-RC, 2017 WL 4922048, at *2 (E.D. Tex. Oct. 31, 2017)). Rife points to cases outside this District that have held otherwise but fails to discuss the recent cases from this District, specifically either *Roy* or *Day*, and why reliance on these cases by the Magistrate Judge is inappropriate. The Court agrees with the Report's analysis.

The Court therefore adopts the Report's analysis and conclusion that the annual cost-of-living adjustment is appropriate. Because the 2021 annual CPI is now available, however, the Court will employ that figure. *See Roy*, 2021 WL 7906838,

2

at *2 (concluding, regarding work done in early 2021, "[b]ecause the [Consumer Price Index ("CPI")] Half 1 rate for the first half of 2021 has not yet been calculated . . . [the] hourly rate for the work done in 2021 should be calculated based on the 2020 Annual CPI and later adjusted once the CPI Half 1 rate becomes official").

The appropriate annual 2021 CPI figure is 251.62.[1] As such, the fee calculation is as follows: the annual CPI figure for 2021 is $251.62, multiplied by the cap rate of $125, then divided by the 1996 March cost of living factor, $154.40, yields $203.71— the correct hourly rate for 2021. Taking this amount and multiplying it by the 22.75 hours Plaintiff billed renders a total of $4,634.40. Thus, the appropriate sum of EAJA fees in this case is $4,634.40.

The Court therefore **ADOPTS** the reasoning of the Report and **MODIFIES** the conclusion as to the final sum of EAJA attorney's fees to be awarded. It is **ORDERED** that Plaintiff Holly Lynn Rife's Petition and Brief for Award of Attorney Fees under the Equal Access to Justice Act, (Dkt. #25), is **GRANTED IN PART** and **DENIED IN PART**. The Commissioner is hereby **ORDERED** to pay $4,634.40 as reasonable attorney's fees, made payable to Plaintiff, with such payment to be mailed to Plaintiff's counsel.

---

[1] The annual, semi-annual, and monthly CPI for each metro area can be accessed on BLS's website. *See* https://data.bls.gov/pdq/SurveyOutputServlet?data_tool=dropmap&series_id=CUURS37ASA0,CUUSS37ASA0 (last accessed July 18, 2022); s*ee also Bivens v. Kijakazi*, No. 3:20-CV-1904-K-BH, 2022 WL 1477626, at *4 (N.D. Tex. Apr. 20, 2022) (detailing courts' uses of BLS's CPI data to determine the appropriate amounts for cost-of-living increases under the EAJA), *report and recommendation adopte*d, No. 3:20-CV-1904-K-BH, 2022 WL 1470958 (N.D. Tex. May 10, 2022).

3

**So ORDERED and SIGNED this 19th day of July, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE